**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

Leah K. Bolstad
Assistant U.S. Attorney
Leah.Bolstad@usdoj.gov
(503) 727-1000

**DEPARTMENT OF JUSTICE**
United States Attorney's Office
United States Attorney Natalie K. Wight
District of Oregon

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 5, 2023

Mr. Jamie S. Kilberg
Kauffman Kilberg LLC
1050 SW 6th Avenue Ste 1414
Portland, OR 97204

Re: *United States v. Thomas Edward Green III,* Case No. 3:21-CR-00413-HZ
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts 1 and 7, False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 922(a)(6).

3. **Penalties**: Counts 1 and 7 each carry a maximum sentence of ten (10) years' imprisonment, a fine of up to $250,000, a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the $200 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Elements & Factual Basis:** The parties stipulate and agree to the following essential elements and factual basis occurring in the District of Oregon. There are four elements:

(1) First, the seller was a licensed firearms dealer;
(2) Second, in connection with acquiring a firearm from the seller, the defendant made a false statement;
(3) Third, the defendant knew the statement was false; and
(4) Fourth, the false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing the FFL into believing that the firearm could be lawfully sold to the defendant.

From May 2020 through September 2021, defendant purchased nineteen (19) firearms. Of those, he purchased seventeen (17) from FLFD No. 1, a Federal Firearms Licensee (FFL) in Gresham, Oregon. Overall, he spent $6,424.00 on firearm purchases. For Count 1, on May 6, 2020, defendant paid $700 in cash to purchase two firearms from FLFD No. 1 – (1) a 9mm Glock 17 pistol (SN SCY415), and (2) a .40 caliber Taurus pistol (SN SND64654). In filling out the Form 4473, defendant answered "Yes" to question 11.a - "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."[1] On August 30, 2020, a shooting occurred at SE 130th and SE Stark. PPB officers approached a shot-up vehicle in the Portland Adventist parking lot and recovered three firearms inside, including the 9mm Glock 17 (SN SCY415).[2] They found a spent shell casing in the passenger seat area that had been fired from the 9mm Glock 17 (SN SCY415). Neither defendant was present when these firearms were recovered.

For Count 7, on July 12, 2021, defendant paid $700 in cash to purchase two firearms from FLFD No. 1 – (1) a .40 caliber Glock 22 pistol (SN FLA555), and (2) a .40 caliber Glock 22 pistol (SN HYN957). In filling out the Form 4473, defendant answered "Yes" to question 11.a - "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." After the background check passed, the FLFD No. 1 transferred the firearms to defendant on July 19, 2021. Four days later, on July 23, 2021, police recovered the .40 caliber Glock 22 pistol (SN FLA555) from convicted felon C.M., an Unthank Park Hustler gang member with multiple prior felony convictions for shootings, including Attempted Murder.

---

[1] The form 4473 provides another warning on page 2 specifically addressed to this question 11.a: "I understand that answering "yes" to question 11.a if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate Sate and/or local law.

[2] The other two firearms recovered were purchased by co-defendant Edward Green on May 18, 2020 (Count 18) and August 13, 2020 (Count 23). One of these was recovered from a male passenger C.W., a known Unthank Park Hustler and associate of both defendants.

For both Counts 1 and 7, defendant knew he was making a false statement when he answered "Yes" to Question 11.a because he was transferring firearms to others, including prohibited persons. When arrested for these straw purchase crimes in September 2021, agents searched defendant's residence and found none of the 19 ~~18~~ firearms. They asked him where the firearms were, and defendant said, "I don't know." He never reported a single firearm stolen. The false statements on the Form 4473 were material, as explicitly described in the form 4473 – the FFL may not transfer a firearm to a buyer who is acquiring the firearm for another person. In other words, the statement is material because without a "Yes" answer, the FFL will not transfer the firearm.

7. **<u>Acceptance of Responsibility</u>**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **<u>Advisory Guideline Calculation</u>:** The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2K2.1(a)(6) | - Base offense level | 14 |
| (2) U.S.S.G. § 2K2.1(b)(1) | - Over 8, less than 24 FAs | +4 |
| (3) U.S.S.G. § 2K2.1(b)(5) | - Trafficking of FAs | +4 |
| (2) U.S.S.G. § 3E1.1 | - Acceptance | - 3 |
| | | = 19 |

9. **<u>Government Sentencing Recommendation:</u>** If defendant agrees to resolve his case prior to the June 9, 2023 deadline, and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), **a low-end sentence**, to be followed by three years of supervised release and a $200 fee assessment.

10. **<u>Additional Departures, Adjustments, or Variances</u>**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek any downward departures, adjustments or variances from the sentencing guideline range.

11. **<u>Waiver of Appeal/Post-Conviction Relief</u>**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the

provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Abandonment of Firearms/Property:** By signing this agreement, and pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, defendant hereby voluntarily abandons all right, title, and interest in the firearms and ammunition listed in the Indictment, and waives right to notice of any abandonment proceedings in order that appropriate disposition may be made thereof by the custodial agency.

16. **Agreement to Civil Forfeiture:** Defendant agrees not to file a claim or agrees to withdraw any claim already filed to any of the firearms and ammunition listed in the Indictment or Criminal Complaint, in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18. **Deadline**: This plea offer expires if not accepted by **June 9, 2023**, at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/8/23
Date

Thomas Edward Green III, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/8/2023
Date

Jamie S. Kilberg, Attorney for Defendant