Jamie S. Kilberg, OSB No. 110465
jamie@kauffmankilberg.com
KAUFFMAN KILBERG LLC
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204
Telephone: (503) 224-2595
Facsimile: (503) 224-3203

Attorneys for Defendant Thomas Edward Green III

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS EDWARD GREEN III,

Defendant.

Case No.: 3:21-cr-00413-HZ-1

DEFENDANT'S SENTENCING MEMORANDUM

Sentencing Date: October 10, 2023

Defendant Thomas Edward Green III, by and through his attorney Jamie S. Kilberg, submits this memorandum in support of sentencing. On October 10, 2023, Mr. Green will be sentenced following his guilty plea to Counts One and Seven of the Indictment, charging him with false statements during the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6).

Mr. Green, who is 25 years old, has never been in trouble with the law. He and his family survived Hurricane Katrina nearly 20 years ago, which uprooted their family from New Orleans. After graduating high school, he eventually settled in Portland, Oregon, to be with his father, twin brother (Edward Charles Green), and younger brother (Trey'Shawn Green).

Mr. Green, who shares custody of his four-year-old son, Thomas Edward Green IV, respectfully asks the Court to sentence him to a term of imprisonment of 24 months, to be followed by three years of supervised release.

## I. INTRODUCTION

Mr. Green is a young father and true first-time offender. He experienced significant trauma as a child and teenager, including natural disasters, displacement, and gang violence. He has an exceptionally close, tight-knit family, both here in Portland or in New Orleans, Louisiana, where his mother and several of his siblings live. Although he initially performed well on pre-trial release for almost 18 months, he started to falter, with several positive UAs. The Court remanded him into custody following his change of plea hearing in June 2023. Mr. Green recognizes that his past trauma is feeding substance abuse issues, and he has welcomed treatment either during his time in custody or following it. PSR ¶ 61.

Mr. Green appears before the Court, prepared to accept the Court's judgment and sentence for his role in purchasing 19 firearms, three of which were recovered from the possession of individuals other than Mr. Green.[1] He recognizes how his conduct could have added to the rise in gun violence in Portland in 2020 and 2021. And he recognizes that getting his young life back on track will require significant changes, both in his own attitude and in how he has conducted himself up until now. A 24-month sentence will strike the right balance between appropriate punishment and incarcerating a young man with enormous potential for longer than necessary.

[1] Mr. Green pleaded guilty to Counts One and Seven, involving two firearms that were recovered from other individuals in August 2020 and July 2021, respectively. A third firearm Mr. Green purchased was recovered in December 2021; that firearm was identified in Count Nine, however, the plea agreement will result in dismissal of that and all other remaining counts.

## II. ADVISORY GUIDELINES AND PRE-SENTENCE INVESTIGATION REPORT

Mr. Green had no objections to the carefully prepared PSR. The parties agree the advisory Guidelines range is calculated as follows:

| | |
|---|---|
| 2K2.1(a)(6)(C) – base offense level | 14 |
| 2K2.1(b)(1)(B) – 8-24 firearms | +4 |
| 2K2.1(b)(5) – trafficking firearms | +4 |
| 3C1.1 – acceptance of responsibility | -3 |
| TOTAL OFFENSE LEVEL | 19 |

With zero criminal history points and a total offense level of 19, the applicable advisory Guidelines range is 30-37 months, prior to any adjustments. The government has agreed to recommend the low end of the applicable advisory Guidelines range, or 30 months. Mr. Green respectfully suggests that a two-level downward variance, resulting in a low-end sentence of 24 months, is an appropriate sentence.

## III. A MODEST TWO-LEVEL DOWNWARD VARIANCE IS WARRANTED

Mr. Green is an intelligent and resilient young man with significant potential. He is a talented musician who can bring to focus the trauma he has experienced and express it through his music. He is also someone who made a series of bad choices, inspired by fear, the desire to protect of his family, and a sense of loyalty to friends. He is prepared to accept the consequences of those actions but suggests that the advisory Guidelines are somewhat excessive for his conduct. Mr. Green respectfully asks the Court to consider the arguments below and those contained within the PSR and its confidential supplement, and to impose a sentence of 24-

months' imprisonment, representing a two-level downward variance from the advisory Guidelines.

### A. The Sentence Must Be No Greater Than Necessary to Achieve the Goals of Sentencing

Under the parsimony principle in Section 3553, Congress has instructed the courts that they "shall impose a sentence sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. § 3553(a). Even sentences within the advisory Guidelines range can be "greater than necessary" to serve the objectives of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 111 (2007) (finding that district court's below-Guidelines sentence not unreasonable because "it appropriately framed its final determination in line with § 3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary to accomplish the goals' of sentencing"). While the sentencing courts "'must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process,'" *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016), the district judge "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also Nelson v. United States*, 555 U.S. 350, 352 (2009) (*per curiam*) (Guidelines are "not to be *presumed* reasonable").

In this case, as detailed below, a small adjustment to the advisory range is reasonable and will result in a sentence that is sufficient, but no longer than necessary.

### B. The Requested Sentence is Warranted Because Mr. Green Has a No Criminal History Points

Mr. Green's criminal record—or lack thereof—warrants a sentence below the applicable Guidelines range. *See, e.g.*, *United States v. Paul*, 561 F.3d 970, 973, 977 (9th Cir. 2009) (where defendant convicted of embezzlement and Guidelines called for 10-16 months' imprisonment, court's within-Guidelines sentence of 15 months unreasonably high in part because defendant was first-time offender with no criminal record). Even Mr. Green's Criminal History Category I does "not fully account for his complete lack of criminal history" because a defendant with a *minor* criminal history still falls in the same category. *United States v. Autery*, 555 F.3d 864, 874 (9th Cir. 2009); *see also United States v. Cabrera*, 567 F. Supp. 2d 271 (D. Mass. 2008) (relying on U.S.S.C. report on recidivism risk for true first-time offenders in sentencing first-time drug distribution defendant to 24-months' imprisonment, well below Guidelines range of 70-78 months); *United States v. Germosen*, 473 F. Supp. 2d 221, 227 (D. Mass. 2007) (sentencing defendant facing 37-46 months' imprisonment for conspiracy to import heroin to six months of home detention, in part, because "[t]here is a demonstrable difference in the recidivism rates of real first offenders as compared to other defendants in Criminal History Category I").

*Autery* is particularly worthy of note. In that case, the defendant was convicted of possession of child pornography. The defendant faced an advisory Guidelines sentence of 41-51 months, longer than the time recommended by the government and PSR here. In that case, the Ninth Circuit affirmed a probationary sentence in part because it was the defendant's first conviction. *Autery*, 555 F.3d at 874. Mr. Green's conduct warrants similar consideration. *See also United States v. Tomko*, 562 F.3d 558, 561-63, 571-73 (3d Cir. 2009) (*en banc*) (finding sentence of probation and home detention reasonable in case where defendant convicted of tax evasion of $225,000, and Guidelines recommended 12-18 months' imprisonment, in part because

of defendant's minimal criminal record); *see also United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006) (affirming substantial variance and finding "significant" the district court's conclusion "that a prison term would mean more to Mr. Baker than to a defendant who previously had been imprisoned").

Mr. Green's complete lack of criminal history further justifies the modest two-level downward variance he seeks.

### C. A 24-Month Sentence is in Accord With Comparable Cases Nationally

For the past several years, the federal judiciary has been engaged in a pilot program utilizing the Sentencing Commission's Judiciary Sentencing Information ("JSIN") tool. The District of Oregon is not part of the pilot project, but the data used is based on nationwide data and is readily available on the Sentencing Commission's website. According to JSIN, during the last five fiscal years (FY2018-2022), there were 481 defendants comparable to Mr. Green—that is, whose primary guideline was Section 2K2.1, with a total offense level of 19 and a Criminal History Category of I, and who, like Mr. Green, did not receive a downward departure for substantial-assistance. Of those 481 defendants nationwide, the *average* sentence imposed was 22 months, while the *median* sentence imposed (which more accurately accounts for potential outliers) was 24 months.[2]

[2] These results are replicable by accessing the JSIN interactive website at https://jsin.ussc.gov/analytics/saw.dll?Dashboard, selecting "§2K2.1" under the "Primary Guideline" dropdown menu, checking the box for "Include Sentence Length Data" (which includes *all* non-cooperator sentences), and then selecting the cell corresponding to a total offense level 19 and Criminal History Category I on the Sentencing Table. If the "Include Sentence Length Data" box is not checked, the results will automatically exclude non-custodial sentences; this slightly modifies the outcome, resulting in an average sentence of 25 months and a median sentence of 26 months. We do not believe it is appropriate to ignore non-custodial sentences in determining what kinds of sentences are being given in comparable cases.

It is also noteworthy to examine the JSIN tool as it relates to Mr. Green's co-defendant and twin brother, Edward Charles Green, whom this Court recently sentenced. Edward Green's total offense level was 21, with a Criminal History Category I, resulting in an advisory Guidelines range of 37-46 months. Applying the JSIN tool to those data points, JSIN indicates that 369 defendants matched Edward Green's JSIN profile, and that of those defendants, the average sentence imposed was 27 months and the median sentence imposed was 30 months. The Court, of course, imposed a 30-month sentence for Edward Green—precisely in line with the median sentence imposed nationally for defendants similar to Edward Green. *See* ECF No. 116.

Therefore, whether looking solely at where Mr. Green falls in the JSIN tool, or taking into account where Edward Green fell and where the Court ultimately sentenced him, the appropriate sentence for Mr. Green here would be 24 months—the median sentence nationally for Section 2K2.1 non-cooperators with a total offense level 19 and Criminal History Category I.

**D. Mr. Green's History and Characteristics Warrant A 24-Month Sentence**

In addition to the factors set forth above, Mr. Green's history and characteristics also counsel in favor of a 24-months sentence. Those are set forth in more detail in the PSR and its confidential supplement, which are incorporated and adopted herein.

//

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the PSR and its confidential supplement, Mr. Green respectfully requests that the Court sentence him to a period of 24 months, impose three years of supervised release, waive all fines, and impose a mandatory special assessment of $200.

Respectfully submitted this 4th day of October 2023,

KAUFFMAN KILBERG LLC

*s/ Jamie S. Kilberg*
JAMIE S. KILBERG
OSB No. 110465
Telephone: (503) 224-2595

Attorneys for Defendant Thomas Edward Green III